IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 JAN 26  A 10: 50

Stanley Eugene Permenter #190836 )
Plaintiff, )
)
vs. )  Case No.: 2:06CV72MEF
)
Donal Campbell, et. al. )
)
Defendants. )

## JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Sectiion 1983 to redress the dprivation, under color of state law, of rights secured by the Constitution of the united States. The court has jurisdiction under 28 U.S.C. 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 US.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Alabama is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the headqaurters to defendants giving rise to these claims occured.

## PLAINTIFF

3. Plaintiff, Stanley Eugene Permenter, is and was at all times mentioned herein a prisoner of the State of Alabama in the custody of the Alabama Department of Corrections. He is currently confined at Staton Correctional Facility in Elmore, Alabama.

## DEFENDANTS

4. Defendant, Donal Campbell is the Commissioner of the state of Alabama Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Staton Correctional Facility

5. Defendant Leon Forniss is the Warden of Staton Correctional Facility. He is legally responsible for the operation of Staton Correctional Facility and for the welfare of all inmates of the prison.

6. Defendant Cheryl Price is the Warden of Bibb County Correctional Facility in Brent, ALabama. She is legally responsible for the operation of Bibb County Correctional Facility and for the welfare of all the inmates of that prison.

7. Defendant Prison Health Services, Inc. is a contracted health-care provider for the Alabama department of Corrections. They are legally responsible for the health-care of all the inmates of the Alabama Department of Corrections.

8. Defendant Mental Health Management is a sub-contractor of Prison Health Services Inc. to provide Mental Health to all prisoners of the Alabama Department of Corrections. They are legally responsible for the mental health care of all the inmates of the Alabama Department of Corrections.

9. Defendant Victoria Baxley is Business Manager of Staton Correctional Facility, Alabama Department of Corrections who, at all times mentioned in this complaint, held the title and assigned to Staton Correctional Facility

10. Defendant Cindy Fowler is Account Clerk of Bibb County Correctional Facillity, Alabama Department of Corrections who, at all times mentioned in this complaint, held the titile and was assigned to Bibb County Correctional Facility.

11. Each defendant is sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## FACTS

12. Plaintiff Stanley Eugene Permenter has been incarcerated in

Alabama Department of Corrections since December 27, 2000. During this time he has been at Bibb County Correctional Facility until September 2005 when he was sent to Staton Correctional Facility. Plaintiff serious medical needs of chronic pain, anxiety, depression, and stomach ulcers have been inadequately treated since he was incarcerated. Unbeknownst to plaintiff he had Hepatitis C during this time and only found out when he seen Nurse Practitioner Hamby around December 2004. Before that he had been under numerous Doctors, who failed to inform him of his serious medical condition of Hepatitis C. Defendants have failed to treat plaintiff's Hepatitis C Disease. Plaintiff has never been allowed copy of his medical records. The Commissioner of Alabama Department of Corrections, Donal Campbell, advised plaintiff could receive copy of medical records by submitting request to his classification specialist. When plaintiff submitted request to his Classsification specialist, Barbara Howard, she advised him that was medical and she did not have anything to do wiht healthcare.

Defendants kept charging him co-pays for medical services they were not providing. Because of the inadequate care plaintfiff received he had to repeatedly put in sick call requests and then the defendants would charge him $3.00 each time he saw healthcare provider. Plaintiff had no income and only received funds donated to him from his mother, Barbara Permenter. Defendants made numerous deductions from his PMOD account with Alabama Department Of Corrections.

Plaintiff is incarcerated for a mere possesion of controlled substance and possession of marijuana. This is not a crime of moral tupitude and defendants have not allowed him to exercise his right to vote. In Alabama law you only lose your right to vote upon conviction of

offense of moral turpitude and the offenses plaintiff is convicted of do not constitute a crime of moral turpitude.

Defendants have made unlawful deductions from his PMOD account with Alabama Department of Corrections. Plaintiff filed a petition for writ of habeas corpus and complaint against Cheryl Price and Cindy Fowler while at Bibb County for taking $125.00 off of his PMOD account, and Bibb County Circuit Court made oreder to charge plaintiff over $500.00 from his account With Alabama Department of Corrections and Victoria Baxley, Business Manager, Staton Correctional Facility enforced this order against plaintiff's property when Bibb County Circuit Court nor Victoria Baxley have jurisdiction over plaintiff's account with Alabama Department of Corrections. Montgomery County Circuit Court is the court of competent jurisdiction ovcer plaintiff's account with Alabama Department of Corrections.

## EXHAUSTION OF LEGAL REMEDIES

13. Plaintiff used the prisoner grievance system that was available for his medical needs at Bibb County Correctional Facility and Staton Correctional Facility. Ther is no other grivance system availablle for the other claims but, plaintiff has made diliget efforts to resolve the disputes to no avail.

## LEGAL CLAIMS

14. Plaintiff reallege and incorporate by reference paragraphs 1-13.

The deliberate indifference to medical needs violated plaintiff's rights and constituted cruel and unusual punishment.

The taking of plaintiff's money (property) off his PMOD account with Alabama Department of Corrections constituted denial of due process. The Denial of plaintiff's right to vote without authorization consti-

tuted denial of due process. Plaintiff request this court exercise pendant and supplemental jurisdiction of his state law claims as they are so connected.

### PRAYER FOR RELIEF

15. Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff:

16. A decleration that the acts and omissions described herein violated plaintiff's right under the Constitution of the United States.

17. A preliminary and permanent injunction ordering defendants to provide adequate medical care, restore funds to his PMOD account with ALabama Department of Corrections that were taken without due process of law, and to let plaintiff exercise his right to vote.

18. Compensatory damages in the amount of $5,000.00 against each defendant, jointly and severally.

19. Punitive damages in the amount of $50,000.00 against each defendant.

20. A jury trial on all issues triable by jury.

21. Plaintiff's costs in this suit.

22. Any additional relief this court deems just, proper, and equitable.

January 20, 2006.

Respectfully submitted,

*[signature]*

**verification**

I have read the foregoing complaint and hereby verify the matters are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

**EXECUTED AT ELMORE, ALABAMA ON JANUARY 20, 2006.**

*[signature]*