IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STANLEY PERMENTER   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | |
| )   2:06-CV-72-MEF | |
| DONAL CAMPBELL, ET AL.   ) | |
| ) | |
| Defendants.   ) | |
| ) | |
| ) | |

## SPECIAL REPORT

COME NOW the Defendant, **Donal Campbell**, by and through undersigned counsel, and in accordance with this Honorable Court's April 3, 2006 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Stanley Permenter, is an inmate of the Alabama Prison System.

2. Defendant Donal Campbell is the former Commissioner of the Alabama Department of Corrections.

3. Defendant Prison Health Services, Inc. is a private corporation contracting with the State of Alabama Department of Corrections.

4. Defendant Mental Health Management is a private corporation contracting with the State of Alabama Department of Corrections.

5. Defendant "Nurse Hamby" is believed to be a nurse employed by Defendant Prison Health Services.

1

6. Defendant "Dr. Whitley" is believed to be a doctor employed by Defendant Prison Health Services

7. Defendant "Dr. Nevels" is believed to be a doctor employed by Defendant Mental Health Management.

8. "Administrator Craig" is listed as a person who is alleged to have violated plaintiff's rights, but is not listed in the style of the complaint.

## PLAINTIFF'S CLAIMS

Plaintiff claims that he has been denied proper medical attention for hepatitis C, and that money taken was wrongfully taken from him for co pays. Plaintiff demands that proper medical care be given to him and that monetary damages be assessed to refund the co pays.

## DEFENDANTS' RESPONSE

1. This Defendant denies that he violated the Plaintiff's constitutional rights.

2. This Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff makes no specific allegations against former Commissioner Campbell.

5. This Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6. This Defendant is immune from suit due to qualified immunity.

## ARGUMENT

Plaintiff claims that former Commissioner Campbell and the other defendants failed to provide him with adequate medical care in the treatment of his hepatitis C. The gist of Plaintiff's inadequate medical-treatment claim is that the defendants have refused to treat plaintiff for an alleged case of hepatitis C. Plaintiff alleges, without the support of any admissible medical evidence, that he has suffered liver damage and/or pain and anxiety due to the alleged failure to treat. There has been absolutely no allegation made that former Commissioner Campbell has deliberately denied Plaintiff the right to seek medical attention for his condition or that former Commissioner Campbell possesses the requisite knowledge to question or overrule the opinion of a licensed physician with regard to Plaintiff's medical condition and treatment.

To properly allege a constitutional violation based on failure to provide adequate medical care, a detainee "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Estelle v. Gamble,* 429 U.S. 97, 106 S.Ct. 285 (1976). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (emphasis added). Deliberate indifference contemplates a state of mind more blameworthy than negligence. *Id.* at 835, 114 S.Ct. at 1978. A "serious medical condition" is an objectively serious medical need that, if left unattended, poses a serious risk of harm. *Taylor v. Adams,* 221 F.3d 1254 (11th Cir.2000). The condition

must have either been diagnosed by a physician as mandating treatment or be "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176 (11th Cir.1994).

The allegations made by plaintiff against former Commissioner Campbell in the case at bar simply do not rise to the level required by law to maintain an action. The only allegation whatsoever as to former Commissioner Campbell's knowledge of this situation is the totally unsupported allegation by Plaintiff that former Commissioner Campbell was contacted by Congressman Aderholt. While plaintiff references "letters", he does not attach them to his complaint. Regardless, there is nothing to suggest that former Commissioner Campbell was *both* aware of facts from which the inference could be drawn that a substantial risk of serious harm existed to plaintiff, and that he drew that inference. To the contrary, the only evidence regarding former Commissioner Campbell's knowledge is the bare allegation that he responded to an alleged letter. Plaintiff simply cannot meet his burden for bringing this type of action.

Plaintiff cannot establish that former Commissioner Campbell was deliberately indifferent to Plaintiff's medical needs. Former Commissioner Campbell made no decisions regarding the proper medical treatment for inmates and did not intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for plaintiff. In addition, on the face of plaintiff's complaint, plaintiff has never been denied medical care. The gravamen of Plaintiff's complaint is that he was negligently treated by being forced to "continually sign up for sick calls and pay the $3.00 co-pay".

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' " and is a violation of the Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfere with prescribed treatment, or by prison doctors responding indifferently to a prisoner's medical needs. *Estelle,* 429 U.S. at 104-05. However, "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.*' Thus, a complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment*. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 105-06. (emphasis added).

The Supreme Court in *Estelle* considered that the inmate plaintiff had been seen by medical personnel numerous times and that he had received treatment. *Id.* at 107. The Court, after considering the inmate's claim that other testing or treatment that had been warranted by his condition was not performed or prescribed, determined that the possibility that other tests or treatment might have been advisable in a certain situation was "[a]t most ... medical malpractice." *Id.* The court stated that "[a] medical decision not to order [certain treatment] does not represent cruel and unusual punishment." *Id.*

Like the inmate in *Estelle,* Plaintiff has undisputedly received medical care for his complaints. Even assuming that the medical care provided to plaintiff has been negligent,

5

no constitutional claim arises. None of Plaintiff's allegations rises to the level necessary to state a constitutional claim of deliberate indifference to Plaintiff's medical needs.

Further, "[t]he State of Alabama, its agencies, and its officials acting in their official capacities are not considered 'persons' for purposes of an action for damages under 42 U.S.C. § 1983." *State Dep't of Pub. Safety v. Sexton,* 748 So.2d 200 (Ala. Civ. App. 1998) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)). Therefore, Plaintiff's claims for damages from former Commissioner Campbell under any § 1983 claim are prohibited by law.

This case should be dismissed against former Commissioner Campbell because he is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a

suit against the State; thus, former Commissioner Campbell should be dismissed based on immunity.

In addition, former Commissioner Campbell is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). Former Commissioner Campbell has not violated Smith's clearly established rights; thus, she is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and this Defendant is entitled to judgment as a matter of law. WHEREFORE, this Defendant respectfully request that this Honorable Court dismiss the claims against him.

Respectfully submitted,

TROY KING (KIN047)
Attorney General

s/ Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 15th day of May, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Stanley Permenter
AIS#190836
Elmore Correctional Facility
Elmore, AL 36025

s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General