IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY PERMENTER, ) | |
| AIS # 190836, ) | |
|   ) | |
| Plaintiff, ) | |
|   ) | CIVIL ACTION NO. |
| v.   ) | 2:06-cv-00072-MEF-SRW |
|   ) | |
| DONAL CAMPBELL, et al., ) | |
|   ) | |

**ANSWER TO AMENDED COMPLAINT**

COMES NOW the Defendant, Dr. Charles Nevels ("Dr. Nevels"), and for his Answer to the Amended Complaint filed by Plaintiff, Stanley Permenter ("Plaintiff"), states as follows:

FACTUAL ALLEGATIONS

Ground 1.   Dr. Nevels denies the allegations set forth in "Grounds 1" against him and Dr. Nevels demands strict proof thereof.

Ground 2.   Dr. Nevels is without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in "Grounds 2" and, as such, the same are denied and Dr. Nevels demands strict proof thereof.

PRAYER FOR RELIEF

Dr. Nevels denies each and every prayer for relief. Likewise, Dr. Nevels states that Plaintiff is not entitled to any of the requested relief. To the extent the Complaint

makes any allegations of material fact, Dr. Nevels denies such allegations and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the statute of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Fifth Defense

Plaintiff's actions are barred by the doctrine of waiver.

### Sixth Defense

Plaintiff's claims are barred by the doctrine of laches.

### Seventh Defense

Dr. Nevels avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom Dr. Nevels is not responsible.

### Eighth Defense

Plaintiff's claims are barred by the doctrine of qualified immunity.

### Ninth Defense

Plaintiff's claims are barred by the doctrine of sovereign immunity.

### Tenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Defense

This Court lacks subject matter jurisdiction over this dispute.

### Twelfth Defense

This Court is the improper venue in which to assert this action.

### Thirteenth Defense

Plaintiff lacks standing to bring this action.

### Fourteenth Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fifteenth Defense

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

### Seventeenth Defense

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Dr. Nevels.

### Eighteenth Defense

Plaintiff's claims are barred because Dr. Nevels did not breach any duty Defendant allegedly owed to Plaintiff.

### Nineteenth Defense

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between Dr. Nevels' actions and/or inactions and Plaintiff's alleged injuries and damages.

### Twentieth Defense

Plaintiff's claims are barred because of the existence of superceding, intervening causes.

### Twenty-First Defense

Plaintiff has failed to exhaust administrative remedies. 42 U.S.C. § 1997e(a) (2005).

### Twenty-Second Defense

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

### Twenty-Third Defense

Plaintiff's claims are barred because no personal, physical injury has been alleged and/or suffered by Plaintiff. 42 U.S.C. § 1997e(e) (2005).

### Twenty-Fourth Defense

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

### Twenty-Fifth Defense

Plaintiff's claims are barred because Dr. Nevels did not act with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

### Twenty-Sixth Defense

Plaintiff's claims are barred because he has failed to comply with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

### Twenty-Seventh Defense

Plaintiff's claims are barred because he is seeking to question a medical judgment via injunctive relief.

### Twenty-Eighth Defense

This Court lacks personal jurisdiction over Dr. Nevels.

### Twenty-Ninth Defense

Plaintiff's claims for punitive damages violate Dr. Nevels' United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

5

## Thirtieth Defense

Dr. Nevels reserves the right to assert other defenses as discovery proceeds.

Respectfully submitted this 12th day of June, 2006.

*/s/Gregory F. Yaghmai*
Gregory F. Yaghmai (ASB-2411-H67G)
Attorney for Charles Nevels
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: gyaghmai@sssandf.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 12th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin Howard Albritton, Esq.
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152

Richard Brett Garrett, Esq.
Lewis Peyton Chapman, III, Esq.
Rushton, Stakely, Johnston & Garrett, P.C.
P. O. Box 270
Montgomery, AL  36101-0270

     I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Inmate Stanley Permenter
AIS # 190836
P. O. Box 8
Elmore, AL  36025

                                                      ***/s/Gregory F. Yaghmai***
                                                      Gregory F. Yaghmai (ASB-2411-H67G)
                                                      Attorney for William Sanders
                                                      Scott, Sullivan, Streetman & Fox, P.C.
                                                      2450 Valleydale Road
                                                      Birmingham, Alabama 35244
                                                      Phone: 205-967-9675
                                                      Facsimile: 205-967-7563
                                                      E-mail:  wscott@sssandf.com
                                                      E-mail: gyaghmai@sssandf.com