IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY PERMENTER, )<br>AIS # 190836, )<br>     )<br>    Plaintiff, )<br>     )<br>v.     )<br>     )<br>DONAL CAMPBELL, et al., )<br>     ) | <br><br><br><br>CIVIL ACTION NO.<br>2:06-cv-00072-MEF-SRW |

**DEFENDANT MENTAL HEALTH MANAGEMENT'S SPECIAL REPORT**

COMES NOW, Defendant MENTAL HEALTH MANAGEMENT SERVICES, INC. ("MHM"), pursuant to this Court's Order requiring Defendant to provide a Special Report and Answer, and submits the following Special Report addressing the allegations asserted by Plaintiff STANLEY PERMENTER ("Plaintiff"):

**I.   NARRATIVE STATEMENT OF UNDISPUTED FACTS**

**A.   SUMMARY OF AMENDED COMPLAINT & CURRENT ALLEGATIONS**

On or about January 26, 2006, Plaintiff filed a Complaint, which, by Order of this Honorable Court, was subsequently amended on March 10, 2006, alleging that the many Defendants named in the above-styled action violated his constitutional rights. (*See* Amended Complaint).

As directed, MHM has undertaken a review of Plaintiff's claims to determine the facts and circumstances relevant thereto. It should be noted that Dr. Nevels only treated Plaintiff

while being employed by Mental Health Management Services, Inc. ("MHM") in Bibb County, Alabama. At this time, MHM submitting this Special Report, which is supported by the Affidavit of Charles Nevels, M.D. (attached hereto as Exhibit "A") and the Plaintiff's medical records reflecting treatment given to Plaintiff (Exhibits "B" and "C"). As directed, MHM has undertaken a review of Plaintiff's claims to determine the facts and circumstances relevant thereto. These evidentiary materials demonstrate that Plaintiff has been provided appropriate medical treatment at all times by MHM, and that the allegations in his Complaint are false and without merit.

## 1. CURRENT ALLEGATIONS

In his Amended Complaint, Plaintiff alleges numerous claims against Defendants including: (1) denial of medical treatment for Hepatitis C (*See* Amended Complaint at 3); and (2) three dollar deductions from his PMOD account; (*See* Amended Complaint at 3).

## 2. ALLEGATIONS INAPPLICABLE TO MHM

MHM is not responsible for actions taken by ADOC's officers and/or other personnel. Particularly, MHM does not engage in the process of deducting money from a prisoners account, applying and/or enforcing the ADOC's administrative rules.

Similarly, MHM is not responsible for the actions and/or inactions taken by Prison Health Services' ("PHS") physicians, nurse practitioners, and other medical personnel. Specifically, MHM, as a licensed psychiatrist, is not involved in the decision of whether Plaintiff should receive medical treatment for Hepatitis C.

## 3. ALLEGATIONS APPLICABLE TO MHM

On February 24, 2006, this Honorable Court directed the Plaintiff to file an amended complaint which shall supercede the original complaint and directed the Plaintiff to file the amended complaint by March 9, 2006. On March 10, 2006, Plaintiff filed his amended complaint and, based on the Court's Order, MHM is hereby responding to the amended complaint only.

In Plaintiff's alleged supporting facts, he does not list any alleged actions or inactions by MHM. Based on the Plaintiff's insufficient pleadings, MHM is unable to determine what allegations the Plaintiff is making against him. However, in an abundance of caution, MHM will presume for the purposes of this report that Plaintiff seeks to hold MHM vicariously liable under the doctrine of respondeat superior for Dr. Nevels' alleged actions and/or inactions. MHM expressly denies that Plaintiff has even come close to the proper pleading requirements for his complaint to survive a Motion to Dismiss.

II. **DISCUSSION**

    A. **HEIGHTENED PLEADING REQUIREMENT**

In an effort to defeat baseless claims at the earliest possible opportunity, the Eleventh Circuit requires that a Plaintiff in a civil action allege with necessary specificity facts which demonstrate a claim. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The purpose of this requirement is to allow a defendant to file an appropriate responsive pleading. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 777 F.3d 364,

366 (11th Cir. 1996). Plaintiff does not meet this heightened pleading requirement and for this reason Plaintiff's Amended Complaint, as it relates to MHM, is subject to dismissal.

    **B.**     **PLAINTIFF HAS BROUGHT THIS ACTION AGAINST DR. NEVELS IN THE IMPROPER DISTRICT THUS UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR MHM IS DUE TO BE DISMISSED**

As this Honorable Court stated in its February 24, 2006 Order, any claims concerning Defendants located in other districts should be brought in other actions filed in the district where the prison is located. Further, this Court stated Bibb County Correctional Facility is within the jurisdiction of the United States District Court for the Northern District of Alabama. All of the treatment Dr. Nevels provided the Plaintiff occurred at the Bibb County Correctional Facility. (See exhibits "A" and "B"). As such, under the doctrine of respondeat superior, Plaintiff's case is due to be dismissed against MHM.

    **C.**     **MHM CANNOT BE HELD LIABLE UNDER THE THEORY OF RESPONDEAT SUPERIOR.**

As stated above, the Amended Complaint is vague as to its allegations against MHM. For this reason, MHM can only assume Plaintiff seeks to hold MHM vicariously liable for its agents actions and/or inactions under the doctrine of respondeat superior. However, the vicarious liability of a putative master under the rule of respondeat superior depends upon the liability of the putative servant. *See Hollis v. City of Brighton*, 885 So.2d 135, 141-142 (Ala. 2004) (citing *Larry Terry Contractors, Inc. v. Bogle*, 404 So.2d 613, 614 (Ala. 1981) ("When a principal and his agent are sued in a joint action in tort for misfeasance or malfeasance of the servant, and his liability for the conduct of said servant is under the rule

of respondeat superior, a verdict in favor of the servant entitles the master to have the verdict against him set aside."). Thus, if a putative servant is not liable, either because he is innocent or because he is immune, no liability exists to be visited upon the putative master under the rule of respondeat superior. *Id.* at 142.

The only allegations as to MHM's employee, Dr. Nevels, possibly pertains to treatment received in Bibb County, Alabama. As such, the matter in this Court should be dismissed.

However, Dr. Nevels is not liable and/or immune from each allegation. Specifically, Dr. Nevels provided the proper care for the Plaintiff and did not deliberately withhold treatment. As such, because Dr. Nevels is innocent and/or immune from both allegations, MHM, as Dr. Nevels' principal/master, cannot be held vicariously liable under the doctrine of respondeat superior.

### D. PLAINTIFF FAILS TO SATISFY HIS BURDEN OF ESTABLISHING THE EIGHTH AMENDMENT STANDARD THAT MHM ACTED WITH "DELIBERATE INDIFFERENCE."

It is unquestioned that "[c]onfinement in a prison...is a form of punishment subject to scrutiny under the Eighth Amendment standards" *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981) (quoting *Hutto v. Finney*, 437 U.S. 678, 685 (1978)); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Whitley v. Albers*, 475 U.S. 312, 327 (1986), and a violation of such standards may be actionable under 42 U.S.C. § 1983.

On numerous occasions, courts have attempted to clearly define the requirements for asserting and succeeding upon an Eighth Amendment violation claim under § 1983. In

5

*Estelle v. Gamble*, the United States Supreme Court held that an Eighth Amendment claim exists only when a prison official engages in the "unnecessary and wanton infliction of pain." 429 U.S. 97, 105 (1976); *see also Wilson v. Seiter*, 501 U.S. 294 (1991). In the context of general prison conditions, this phrase has been interpreted to mean that prison officials must not act with "deliberate indifference." *See Farmer*, 511 U.S. at 387 (stating that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety...").

In order for a deliberate indifference claim to prevail, Plaintiff must prove both the "objective" and "subjective" components of the Eighth Amendment standard. Specifically, Plaintiff must allege and prove that he suffered from a serious medical need, that MHM was deliberately indifferent to his needs, and that he suffered harm due to this deliberate indifference. *See Marsh v. Butler County*, 225 F.3d 1243, 1255 (11th Cir. 2000); *Palermo v. Corr. Med. Serv.*, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). It is well-established in the Eleventh Circuit that a serious medical need is a "condition that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). The burden falls upon Plaintiff to allege and prove the existence of such a condition. *See e.g. Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). Plaintiff has the additional burden of proving deliberate indifference; that is, it is required of Plaintiff to establish that MHM acted with "conscious or callous indifference." *See Daniels v. Williams*,

6

474 U.S. 327 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990). As such, Plaintiff's § 1983 claim cannot survive summary judgment unless he produces evidence "of [MHM's] subjective awareness" of the alleged medical condition and an "intentional refusal to provide...care." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999).

Not every claim of poor medical treatment by a prisoner rises to the level of an Eighth Amendment violation. In fact, on numerous occasions courts have identified conduct that does not rise to the level of deliberate indifference. For instance, in *Chandler v. Crosby*, the Eleventh Circuit held that a prisoner's discomfort does not give rise to an Eighth Amendment violation. 379 F.3d 1278, 1295 (11th Cir. 2004). Moreover, a difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot create a cause of action under the Eighth Amendment. *See Estelle,* 429 U.S. at 106-108. Similarly, the Eighth Amendment does not prohibit or provide any remedy for any "accidental inadequacy...or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

MHM may only be liable if he had knowledge of Plaintiff's medical condition, acted intentionally or recklessly to deny and/or delay access to his care, or to interfere with treatment once prescribed. *See Estelle,* 429 U.S. at 104-105; *Hill,* 40 F.3d at 1191. Plaintiff has not, and cannot, meet this burden. The evidence submitted with this Special Report clearly shows that MHM never intentionally or recklessly acted to deny or delay medical care, or to interfere with any treatment which was prescribed or directed.

In sum, there is no evidence to suggest that MHM acted intentionally or recklessly to deny or delay medical care or to interfere with any treatment which was prescribed. Plaintiff's medical conditions were adequately and timely addressed by MHM, and appropriate standards of care were followed at all times. As such, MHM contends that Plaintiff's allegations are frivolous, malicious, and fail to state a claim upon which relief can be granted, thereby warranting dismissal.

### E. MHM IS ENTITLED TO QUALIFIED IMMUNITY FROM ALL CLAIMS ASSERTED BY PLAINTIFF.

MHM is entitled to qualified immunity from all claims asserted by Plaintiff in this action. If Plaintiff was able to show, which he has not, that MHM was acting in his discretionary authority, the burden then shifts to Plaintiff to show that MHM violated clearly established law based on objective standards. *See Eubanks v. Gerwin*, 40 F.3d 1157, 1160 (11th Cir. 1994). Plaintiff must allege that MHM violated a right clearly established in a fact-specific, particularized sense. *Edwards v. Gilbert*, 867 F.2d 1271, 1273 (11th Cir. 1989), *aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County*, 5 F.3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. *Vonstein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1989)).

In *Lassiter v. Alabama A&M University*, the Eleventh Circuit held that in order for qualified immunity to be defeated, preexisting law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." 28 F.3d 1146, 1151 (11th Cir. 1994). MHM submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or a District Court sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that the alleged actions violated Plaintiff's constitutional rights.

### F. PLAINTIFF'S CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT ("PLRA") BECAUSE HE FAILED TO SHOW THE EXISTENCE OF A "PHYSICAL INJURY."

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2005). Plaintiff's Complaint includes allegations that he now suffers many physical ailments as a result of taking the psychotropic medications. (*See* Amended Complaint at 18). However, Plaintiff's allegation is conclusory at best. At no time has Plaintiff stated what his physical ailments are or that they are directly related to the low-level psychotropic drugs prescribed him. As such, Plaintiff's claims are due to be dismissed.

### G. PLAINTIFF'S CLAIMS ARE BARRED BY THE PLRA BECAUSE PLAINTIFF FAILED TO ESTABLISH THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (2005).

Bibb County Correctional Facilities have well-established grievance procedures for any inmate who wishes to voice a complaint regarding any medical treatment he has sought or received during his incarceration at the facilities. In his amended complaint, Plaintiff states he filed formal grievances against PHS, but not against Dr. Nevels or MHM. (See Exhibit "C"). As such, Plaintiff failed to exhaust his administrative remedies as is required under the PLRA and his claims are therefore due to be dismissed.

### III.    CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face and is further disproved by the evidence now before the Court. Accordingly, MHM requests that this Honorable Court either dismiss Plaintiff's Complaint, with or without prejudice, or, in the alternative, enter a judgment in his favor.

Respectfully submitted this 19th day of June, 2006.

*/s/Gregory F. Yaghmai*
Gregory F. Yaghmai (ASB-2411-H67G)
Attorney for Mental Health Management
Services, Inc.
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: gyaghmai@sssandf.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin Howard Albritton, Esq.
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152

Richard Brett Garrett, Esq.
Lewis Peyton Chapman, III, Esq.
Rushton, Stakely, Johnston & Garrett, P.C.
P. O. Box 270
Montgomery, AL  36101-0270

      I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant:

Inmate Stanley Permenter
AIS # 190836
P. O. Box 8
Elmore, AL  36025

                                        ***/s/Gregory F. Yaghmai***
                                        Gregory F. Yaghmai (ASB-2411-H67G)
                                        Attorney for Mental Health Management Services, Inc.
                                        Scott, Sullivan, Streetman & Fox, P.C.
                                        2450 Valleydale Road
                                        Birmingham, Alabama 35244
                                        Phone: 205-967-9675
                                        Facsimile: 205-967-7563
                                        E-mail:  wscott@sssandf.com
                                        E-mail:  gyaghmai@sssandf.com