IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY PERMENTER (AIS #190836), | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-72-MEF |
| DONAL CAMPBELL, ET AL., | * | |
| Defendants. | * | |

## ANSWER

COME NOW Defendants Prison Health Services, Inc. (hereinafter "PHS"), James Whitley, M.D., Thomas Craig, R.N., and Debbie Hamby, N.P. (hereinafter collectively referred to as "the Medical Defendants") for Answer to the Plaintiff's Complaint as Amended in this matter, and state as follows:

1.  The Medical Defendants deny each and every material allegation contained in the Plaintiff's Amended Complaint and demand strict proof thereof.

2.  The Medical Defendants plead not guilty to the charges in the Plaintiff's Amended Complaint.

3.  Plaintiff's Amended Complaint fails to state a claim against the Medical Defendants for which relief can be granted.

4.  The Medical Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.  Plaintiff is not entitled to any relief requested in the Amended Complaint.

6. The Medical Defendants plead the defense of qualified immunity and aver that the actions taken by the Medical Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Medical Defendants are entitled to qualified immunity and it is clear from the face of the Amended Complaint that the Plaintiff has not alleged specific facts indicating that the Medical Defendants have violated any clearly established constitutional right.

8. The Medical Defendants cannot be held liable on the basis of <u>respondeat superior</u>, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The Medical Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Medical Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

12. The Medical Defendants plead the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Medical Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. <u>See</u> <u>Rogers v. Evans</u>, 792 F.2d 1052 (11th Cir. 1986).

14. Plaintiff's claims against the Medical Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

15. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

16. The Medical Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

17. The Medical Defendants plead the affirmative defense that the Plaintiff's Amended Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render it liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

18. The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

19. The Medical Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

20. The Medical Defendants plead the affirmative defense that it is not responsible for the policies and procedures of the Alabama Department of Corrections.

21. The Medical Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

22. The Medical Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

23. The Medical Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

24. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions and thus governed by exhaustion requirement).

25. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Medical Defendants who are entitled to immunity.

26. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

27. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

28. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

29. The Medical Defendants assert that the Plaintiff's Amended Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court, pursuant to 42 U.S.C. § 1988, to award said Defendants reasonable attorney's fees and costs incurred in the defense of this case.

30. The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F. Supp. 2d 1252 (D. Kan. 1999).

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett GAR085
Attorneys for Defendants James Whitley, M.D., Thomas Craig, R.N., Debbie Hamby, N.P. and Prison Health Services, Inc.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this the 26th day of June, 2006, to:

Stanley Permenter #190836
Elmore Correctional Facility
P.O. Box 8
Elmore, AL 36025

                                            s/R. Brett Garrett GAR085
                                            Attorney for Defendants James
                                            Whitley, M.D., Thomas Craig, R.N.,
                                            Debbie Hamby, N.P., and Prison
                                            Health Services, Inc.