

DEFENDANT'S
EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STANLEY PERMENTER (AIS #190836),      *

      Plaintiff,      *

V.      *      2:06-CV-72-MEF

DONAL CAMPBELL, ET AL.,      *

      Defendants.      *

### AFFIDAVIT OF JAMES P. WHITLEY, M.D.

**BEFORE ME,** *Deborah Ann Toney*, a notary public in and for said County

and State, personally appeared **JAMES P. WHITLEY, M.D.,** and being duly sworn, deposed

and says on oath that the averments contained in the foregoing are true to the best of his ability,

information, knowledge and belief, as follows:

"My name is James P. Whitley. I am a medical doctor and am over twenty-one years of

age. I am personally familiar with all of the facts set forth in this affidavit. I am a 1990 graduate

of the Medical College of Georgia, completed a residency in family practice, and have been

licensed as a physician in Alabama since 1992. I have spent approximately eight years

practicing in a family practice setting in Birmingham, Alabama, and have also spent

approximately one year providing medical care at the Jefferson County Jail in Birmingham.

Since February of 2004, I have served as the Medical Director for Bibb Correctional Facility

(hereinafter "Bibb") in Brent, Alabama. My employment as the Medical Director at Bibb is with

Prison Health Services, Inc. (hereinafter "PHS"), the company which has contracted with the

Alabama Department of Corrections to provide medical services to inmates since November 3, 2003.

Stanley Permenter (AIS #190836) was incarcerated at Bibb County Correctional Facility from January 19, 2001 through September 21, 2005. I am familiar with Mr. Permenter and was involved with the provision of medical services to him at Bibb. I have reviewed Mr. Permenter's Complaint in this action as well as his medical records, (certified copies of which are being produced to the Court along with this Affidavit.)

It is my understanding that Mr. Permenter has made an allegation in this matter that I have failed to provide him with appropriate treatment for Hepatitis C. This allegation is untrue, as I have afforded him appropriate treatment for this condition at all times.

Mr. Permenter was diagnosed with Hepatitis C on November 18, 2004. On April 14, 2005, Mr. Permenter was afforded a Complete Blood Count (CBC) and a liver enzyme panel in order to evaluate his eligibility to receive Ribavirin/Interferon combination therapy for treatment of his Hepatitis C.[1] However, Ribavirin/Interferon combination therapy is not indicated for every person infected with Hepatitis C. Mr. Permenter's April 2005 liver enzyme panel and CBC showed that he was tolerating the disease well. Specifically, it was noted that his Alanine Aminotransferase (ALT) liver enzymes were not elevated to the point where aggressive Ribavirin/Interferon combination therapy was indicated.[2]

Subsequent to being evaluated for this treatment, Mr. Permenter was afforded routine CBC's and liver enzyme panels in order to monitor the effects this disease was having on his

---

[1] Ribavirin/Interferon combination therapy consists of the simultaneous application of two drugs: Ribavirin, an oral tablet which works against the Hepatitis C virus by improving liver function, and Interferon, a specialized protein utilized within the body to fight the Hepatitis C virus. Interferon is administered by injection.
[2] Alanine Aminotransferase (ALT) is an enzyme that is released when liver cells are damaged. Blood tests that show ALT levels are good indicators of how much liver damage is occurring at a given time.

liver. His routine panels indicated that he was tolerating the disease well. Mr. Permenter did not become a candidate for aggressive treatment during that time in which he was under my care.

Based on my personal knowledge of the treatment provided to Mr. Permenter, it is my medical opinion that all of Mr. Permenter's medical conditions and complaints have been evaluated in a timely fashion, and that his diagnosed conditions have been treated in a timely and appropriate fashion by myself and all other PHS employees involved in his care at Bibb County Correctional Facility. Mr. Permenter has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and/or otherwise given appropriate care, each time he has registered any health complaints with PHS at Bibb County Correctional Facility.

At all times, myself and the other PHS healthcare providers at Bibb County Correctional Facility have exercised the same degree of care, skill, and diligence in our evaluation and treatment of Mr. Permenter as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate by PHS and its employees. At no time did I, or any other member of the PHS medical or nursing staff at Bibb County Correctional Facility, deny Mr. Permenter any medical treatment which was necessary or indicated for him, nor did we ever act with deliberate indifference to any serious medical need of Mr. Permenter. At no time have I or any other PHS employee denied Mr. Permenter any needed medical treatment, nor have we ever interfered with his care in any way. "

Further affiant sayeth not.

_____
JAMES P. WHITLEY, M.D.

3

STATE OF ALABAMA )
)
COUNTY OF _B:bb_____ )

    Sworn to and subscribed before me on this the _____20th_____ day of _June_____, 2006.

_____
Notary Public

My Commission Expires:
_5/17/2010_____

4