IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY PERMENTER (AIS #190836), | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-72-MEF |
| DONAL CAMPBELL, ET AL., | * | |
| Defendants. | * | |

## SPECIAL REPORT OF THE MEDICAL DEFENDANTS

COME NOW Defendants Prison Health Services, Inc. (hereinafter "PHS"), James Whitley, M.D., Thomas Craig, R.N., and Debbie Hamby, N.P. (hereinafter collectively referred to as "the Medical Defendants") in response to this Honorable Court's Order, and present the following Special Report with regard to this matter:

### I. INTRODUCTION

The Plaintiff, Stanley Permenter (AIS #190836), is an inmate who was confined at Bibb County Correctional Facility located in Brent, Alabama, from January of 2001 through September of 2005. (See Complaint). In September of 2005, he was subsequently transferred to Staton Correctional Facility where he is currently confined. (Id.) On January 26, 2006, Mr. Permenter filed a Complaint alleging that PHS has failed to provide him with appropriate treatment for Hepatitis C. (See Complaint). Mr. Permenter also makes allegations that Alabama Department of Corrections employees Donal Campbell, Cheryl Price, Cindy Fowler and Leon Forniss have improperly charged him medical copays for medical services rendered at Bibb and Staton Correctional Facilities

and that he has not been treated appropriately by a company identified as Mental Health Services. (Id.)

On March 10, 2006, the Plaintiff amended his Complaint to identify as Defendants James Whitley, M.D., the Plaintiff's treating physician at Bibb; Thomas Craig, R.N., Bibb's former Health Services Administrator and Debbie Hamby, N.P.[1], Bibb's Nurse Practitioner.[2] (See Complaint). He alleges that these Defendants acted with PHS in failing to provide him with appropriate treatment for Hepatitis C. (See Amended Complaint). During the time period made the basis of Mr. Permenter's allegations, PHS has contracted with the Alabama Department of Corrections to provide medical care to inmates at Bibb and Staton, as well as other prisons in the State of Alabama.

As directed, the Medical Defendants have undertaken a review of Plaintiff Permenter's claims to determine the facts and circumstances relevant thereto. At this time, the Medical Defendants are submitting this Special Report, which is supported by a certified copy of Plaintiff Permenter's medical records (attached hereto as Exhibit "A"), the Affidavit of James Whitley, M.D. (attached hereto as Exhibit "B") and the Affidavit of Thomas Craig, R.N. (attached hereto as Exhibit "C"). These evidentiary materials demonstrate that Plaintiff Permenter has been provided appropriate medical treatment at all times for Hepatitis C and that the allegations in his Complaint as amended are false and without merit.

---

[1] While Mr. Permenter has named Nurse Hamby as a Defendant in this matter, he has failed to allege that she has committed any acts of malpractice. (See Complaint). Mr. Permenter only states that Ms. Hamby communicated to him that he was Hepatitis C positive and that blood tests were being conducted. (Id.)
[2] Mr. Permenter also names as a Defendant Charles Nevels, M.D., a physician with Mental Health Services. (See Amended Complaint).

2

## II. NARRATIVE SUMMARY OF FACTS

Stanley Permenter (AIS# 190836), was incarcerated at Bibb County Correctional Facility located in Brent, Alabama from January 2001 through September 2005. (See Complaint). He was subsequently transferred to Staton Correctoinal Facility located in Elmore County, Alabama and has been incarcerated therein since that time. (Id.) Mr. Permenter alleges that the Medical Defendants have failed to provide him with appropriate treatment for Hepatitis C. (Id.) This allegation is simply untrue as the Medical Defendants have afforded him appropriate treatment and evaluation for this condition at all times. (See Exhibits "A," "B," & "C").

Mr. Permenter was diagnosed with Hepatitis C on November 18, 2004. (See Exhibits "A" & "B"). On April 14, 2005, Mr. Permenter was afforded a Complete Blood Count (CBC) and a liver enzyme panel in order to evaluate his eligibility to receive Ribavirin/Interferon combination therapy for treatment of this condition.[3] (Id.) However, Ribavirin/Interferon combination therapy is not indicated for every person infected with Hepatitis C. (See Exhibit "A"). Mr. Permenter's April 2005 liver enzyme panel and CBC showed that he was tolerating the disease well. (Id.) Specifically, it was noted that his Alanine Aminotransferase (ALT) liver enzymes were not elevated to the point where aggressive Ribavirin/Interferon combination therapy was indicated.[4] (Id.)

Subsequent to being evaluated for this treatment, Mr. Permenter was afforded routine CBC's and liver enzyme panels in order to monitor the effects this disease was

---

[3] Ribavirin/Interferon combination therapy consists of the simultaneous application of two drugs: Ribavirin, an oral tablet which works against the Hepatitis C virus by improving liver function, and Interferon, a specialized protein utilized within the body to fight the Hepatitis C virus. Interferon is administered by injection.

[4] Alanine Aminotransferase (ALT) is an enzyme that is released when liver cells are damaged. Blood tests that show ALT levels are good indicators of how much liver damage is occurring at a given time.

having on his liver. (Id.) His routine panels indicated that he was tolerating the disease well. (Id.) Mr. Permenter did not become a candidate for aggressive treatment during that time in which he was under the Medical Defendants' care. (Id.)

Mr. Permenter has also claimed that Thomas Craig, R.N., the former Health Services Administrator at Bibb Correctional Facility, failed to treat his Hepatitis C in an appropriate manner. (See Amended Complaint). Nurse Craig has testified via affidavit that he was not responsible for creating a treatment plan for this inmate. (See Exhibit "C"). Moreover, as Health Services Administrator, Nurse Craig did not have the authority to determine how this inmate's Hepatitis C was treated. (Id.) Nurse Craig defers to Dr. Whitley with regard to the appropriateness of any and all treatment provided to Mr. Permenter at Bibb County Correctional Facility. (Id.)

Mr. Permenter's medical conditions and complaints have been evaluated in a timely fashion. His diagnosed conditions have been treated in a timely and appropriate fashion by the Medical Defendants and all other PHS employees involved in his care at Bibb County Correctional Facility. (See Exhibits "A," "B," & "C"). Mr. Permenter has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and/or otherwise given appropriate care, each time he has registered any health complaints with PHS at Bibb County Correctional Facility. (Id.)

At all times, the Medical Defendants have exercised the same degree of care, skill, and diligence in evaluating and treating Mr. Permenter as other similarly situated health care providers would have exercised under the same or similar circumstances. (Id.) The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate by PHS and its employees. (Id.) At no time

4

did any of the Medical Defendants deny Mr. Permenter any medical treatment which was necessary or indicated for him, nor did they ever act with deliberate indifference to any serious medical need of Mr. Permenter. (Id.)  At no time has any PHS employee denied Mr. Permenter any needed medical treatment, nor have they ever interfered with his care in any way. (Id.)

### III. DEFENSES

The Medical Defendants assert the following defenses to the Plaintiff's claims:

1. The Medical Defendants deny each and every material allegation contained in the Plaintiff's Amended Complaint and demand strict proof thereof.

2. The Medical Defendants plead not guilty to the charges in the Plaintiff's Amended Complaint.

3. Plaintiff's Amended Complaint fails to state a claim against the Medical Defendants for which relief can be granted.

4. The Medical Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5. Plaintiff is not entitled to any relief requested in the Amended Complaint.

6. The Medical Defendants plead the defense of qualified immunity and aver that the actions taken by the Medical Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Medical Defendants are entitled to qualified immunity and it is clear from the face of the Amended Complaint that the Plaintiff has not alleged specific facts

indicating that the Medical Defendants have violated any clearly established constitutional right.

8. The Medical Defendants cannot be held liable on the basis of <u>respondeat superior</u>, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The Medical Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Medical Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

12. The Medical Defendants plead the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Medical Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. <u>See</u> <u>Rogers v. Evans</u>, 792 F.2d 1052 (11th Cir. 1986).

14. Plaintiff's claims against the Medical Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

15. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

16. The Medical Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians

and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

17. The Medical Defendants plead the affirmative defense that the Plaintiff's Amended Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render it liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

18. The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

19. The Medical Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

20. The Medical Defendants plead the affirmative defense that it is not responsible for the policies and procedures of the Alabama Department of Corrections.

21. The Medical Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

22. The Medical Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

23. The Medical Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

24. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to

a medical need is an action "with respect to prison conditions and thus governed by exhaustion requirement).

25.     The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Medical Defendants who are entitled to immunity.

26.     The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

27.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

28.     Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

29.     The Medical Defendants assert that the Plaintiff's Amended Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court, pursuant to 42 U.S.C. § 1988, to award said Defendants reasonable attorney's fees and costs incurred in the defense of this case.

30.     The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F. Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

In an effort to defeat baseless claims at the earliest possible opportunity, our Circuit requires that a plaintiff in a civil rights action allege with necessary specificity facts which demonstrate a claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). This requirement is in place so that a defendant can file an appropriate responsive pleading. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 777 F.3d 364, 366 (11th Cir. 1996). Permenter does not meet this heightened pleading responsibility, and for that reason his Amended Complaint is subject to dismissal.

In order to state a cognizable claim under the Eighth Amendment, Permenter must allege acts or omissions sufficiently harmful to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 49 L. Ed. 2d 859 (1976); McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994); Palermo v. Correctional Medical Services, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). In order to prevail, Permenter must allege and prove that he suffered from a serious medical need, that the Medical Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, Alabama, 225 F. 3d 1243, 1255 (11th Cir. 2000) and Palermo, supra.

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's

alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is in prison. See Estelle, supra, McElligott, supra, Hill, supra and Palermo, supra. Further, a mere difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot give rise to a cause of action as the Medical Defendants may only be liable if they had knowledge of Permenter's medical condition and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, supra, 429 U.S. at 104-105 and Hill, supra, 40 F. 3d at 1191.

Obviously, Plaintiff Permenter cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Medical Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. To the contrary, the evidence demonstrates that Permenter's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was neither denied any necessary medical treatment, nor harmed by any treatment provided by the Medical Defendants. Appropriate standards of care were followed at all times. The evidence, in other words, shows without dispute that all of Plaintiff Permenter's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. These facts clearly disprove any claim that the Medical Defendants acted intentionally or recklessly to deny treatment or care.

To the extent that Plaintiff seeks to hold PHS liable for alleged acts or omissions of other persons or entities (including the Alabama Department of Corrections or any of

its employees), such efforts must necessarily fail because there is no liability for violations of § 1983 under a theory of respondeat superior. See Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir.1990). For this reason, PHS, like a government entity, can be liable under Section 1983 only if the Plaintiff can prove that PHS caused a violation of his constitutional rights through its adoption of an official policy, practice, or custom. See Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Ort v. Pinchback, 786 F. 2d 1105, 1107 (11th Cir. 1986).

Even further, the Medical Defendants are entitled to qualified immunity from all claims asserted by Permenter in this action. There is no argument that the Medical Defendants were not acting within the scope of their discretionary authorities. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Medical Defendants have demonstrated that they were acting within the scope of their discretionary authorities, the burden shifts to Permenter to show that the Medical Defendants violated clearly established law based upon objective standards. Eubanks, supra, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Medical Defendants actions can be said to have violated clearly established constitutional rights, Permenter must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at

the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987)). As stated by the Eleventh Circuit in Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1150 (11th Cir. 1994).

> In considering whether the law applicable to certain facts is clearly established, the facts of the case relied upon as precedent are important. The facts may not be the same as the facts of immediate case. But they do need to be materially similar. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.

Lassiter, 28 F.3d at 1150 (citations omitted; emphasis in original).

Therefore, to defeat summary judgment, Permenter must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F. 3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the Medical Defendants are doing violates federal law in the circumstances." Lassiter, 28 F. 3d at 1151.

The Medical Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Permenter's constitutional rights. All Permenter's medical needs have been addressed or treated. The Medical Defendants have treated

Permenter's conditions, managed and treated his problems, and provided him access to nurses and physicians and appropriate medical care at all times. (See Exhibits "A," "B," & "C"). The undisputed evidence shows that the Medical Defendants have provided appropriate medical care to the Plaintiff at all times. (Id.)

Pursuant to the Court's Order, the Medical Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Medical Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that they are, therefore, entitled to a judgment in their favor as a matter of law. Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Amended Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. Accordingly, the Medical Defendants request that this Honorable Court either dismiss the Plaintiff's Amended Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

_____
L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett GAR085
Attorneys for Defendants James
Whitley, M.D., Thomas Craig, R.N.,
Debbie Hamby, N.P. and Prison
Health Services, Inc.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 26th day of June, 2006, to:

Stanley Permenter #190836
Elmore Correctional Facility
P.O. Box 8
Elmore, AL 36025

Benjamin Howard Albritton
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152

Gregory Farzan Yaghmai
Scott Sullivan Streetman & Fox PC
PO Box 380548
Birmingham, AL 35238-0548

_____
Of Counsel