IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY PERMENTER, #190 836 | * |
| Plaintiff, | * |
| v. | *   2:06-CV-72-MEF |
| | (WO) |
| DONAL CAMPBELL, *et al.*, | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on the complaint filed by the plaintiff, STANLEY PERMENTER ["Permenter"], under the provisions of 42 U.S.C. § 1983. After reviewing his original complaint, the court determined that it contained claims unrelated to one another and alleged claims against defendants located both within and outside the jurisdiction of this court. Accordingly, the court directed Permenter to amend his complaint and advised him that it would be superseded by his amended complaint.

Permenter filed his amended complaint on March 31, 2006 against Commissioner Donal Campbell ["Campbell"], Prison Health Services, Inc., Mental Health Management, Nurse Hamby, Dr. Whitley, Administrator Craig, and Dr. Nevels. As an indication of the location or institution where the subject events occurred, Permenter typed "Alabama Department of Corrections." He provided a service address located in Montgomery, Alabama, for the named defendants. In addition, Permenter stated that the subject events occurred between November 2004 and September 2005. His allegations of inadequate

medical care which allegedly occurred in January 2006 are not made against any of the named defendants. (*See* Doc. No. 9).

After preliminary review of all the pleadings and documents filed in this case, the court has learned that Permenter was incarcerated at the Bibb County Correctional Facility from 19 January 2001 through 21 September 2005. (*See* Doc. Nos. 35, 39.) The alleged acts of inadequate medical care occurred at this facility, and the defendants responsible for the allegedly inadequate medical care are or were either employed at that facility or provided their services to Permenter at that facility. (*See Id*.) The Bibb County Correctional Facility is located in Brent, Alabama, within Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law

---

[1] This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

2

further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

According to the allegations in the complaint, all the subject actions occurred within the Northern District of Alabama. Although Campbell resides in the Middle District of Alabama, he  - like Prison Health Services and Mental Health Management -  is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. Moreover, it appears from Permenter's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes that from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 16 August 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of August 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE